UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA DE LEE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.  2:24-cv-2072-JDP (SS)<br><br>ORDER |

    Plaintiff challenges the final decision of the Commissioner ("Commissioner") of the Social Security Administration ("SSA") finding that she had engaged in substantial gainful activity and was required to repay disability benefits she received.  She also challenges the finding that she does not have a severe impairment or combination of impairments.[1]  Both parties have moved for summary judgment.  ECF Nos. 9 & 14.  For the reasons discussed below, plaintiff's motion for summary judgment is denied, and the Commissioner's is granted.

---

[1] This finding relates to 2022 and 2023, during which the Administrative Law Judge acknowledged that records failed to show earnings at substantial gainful activity levels.

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process, the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

In March 2017, plaintiff filed an application for a period of disability and DIB, alleging disability beginning January 1, 2016. Administrative Record ("AR") 307-13. The following month, plaintiff was found to be disabled and was subsequently awarded benefits. AR 108; 135-

2

48. On September 8, 2018, that initial determination was reopened and revised after the SSA concluded that plaintiff had performed substantial gainful activity beginning in January 2016. AR 109. Plaintiff was notified that she would no longer receive benefits and that she owed $48,348 for overpayment of benefits. AR 156-64. After that decision was upheld on reconsideration, plaintiff testified at a hearing before an Administrative Law Judge ("ALJ"). AR 58-99. On February 10, 2021, the ALJ issued a decision finding that plaintiff was not disabled. AR 115-21. That decision became final when the Appeals Council denied plaintiff's request for review. AR 123-25.

Plaintiff then sought review in this district, and on June 30, 2022, the court remanded the case for further administrative proceedings. *Id.* at 129-33. Upon remand, a second hearing was held before the ALJ, at which plaintiff and a vocational expert ("VE") testified. *Id.* at 19-57. On June 12, 2024, the ALJ issued a decision, again finding that plaintiff was not disabled. AR 4-12. The ALJ made the following specific findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2026.
>
> 2. The claimant engaged in substantial gainful activity during the following periods: January 1, 2016 through December 31, 2021.
>
> * * *
>
> 3. However, there has been a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity. The remaining findings address the period(s) the claimant did not engage in substantial gainful activity.
>
> * * *
>
> 4. The claimant has the following medically determinable impairments: a history of squamous cell carcinoma of the oropharynx and upper respiratory infection.
>
> * * *
>
> 5. The claimant does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related

3

      activities for 12 consecutive months; therefore, the claimant does
not have a severe impairment or combination of impairments.

\* \* \*

   6. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2016, through the date of this decision.

AR 6-12 (citations to the code of regulations omitted).

Plaintiff did not subsequently file a written exception to the ALJ's decision, and the Appeals Council did not exercise its discretion to assume jurisdiction. ECF No. 22 at 3. Accordingly, the ALJ's June 12, 2024 decision is the final decision of the Commissioner.[2]

## Analysis

**I.    Whether Plaintiff Engaged in Substantial Gainful Activity**

Plaintiff challenges the ALJ's finding that she engaged in substantial gainful activity between January 1, 2016 and December 31, 2021. AR 6. She was diagnosed with head and neck cancer in July 2016. *Id.* at 62, 71. At a hearing on this issue before the ALJ, plaintiff testified that

---

[2] Based on the court's review of the record, it appears that plaintiff filed this action prior to fully exhausting his administrative remedies. Once an ALJ issues a decision after remand from the district court, the plaintiff has thirty days to file exceptions with the Appeals Council, requesting that the Appeals Council review the ALJ's decision. 20 C.F.R. § 404.984(b). Even where the plaintiff declines to file exceptions, the Appeals Council may, within sixty days, *sua sponte* assume jurisdiction of the case. 20 C.F.R. § 404.984(b)(2). The ALJ's June 12, 2024 decision explained that if written exceptions were not filed and the Appeals Council did not assume jurisdiction, the ALJ's decision would "become final on the 61st day following the date" it was issued. AR 2; *see* 20 C.F.R. § 404.984(d) ("If no exceptions are filed and the Appeals Council does not assume jurisdiction of your case, the decision of the administrative law judge becomes the final decision of the Commissioner after remand."). Plaintiff filed the instant action on July 31, 2024, ECF No. 1, less than sixty days after the date of the ALJ's decision. However, because the Commissioner does not argue that plaintiff prematurely filed this action before fully exhausting his administrative remedies, the Commissioner has waived any exhaustion challenge. *See Weinberger v. Salfi*, 422 U.S. 749, 767 (1975) ("In the present case the Secretary does not raise any challenge to the sufficiency of the allegations of exhaustion in appellees' complaint. We interpret this to be a determination by him that for the purposes of this litigation the reconsideration determination is 'final.'"); *Nadon v. O'Malley*, CV 23-72-M-DLC, 2024 WL 2723953, at \*5 (D. Mont May 28, 2024). Accordingly, the court finds that the ALJ's June 12, 2024 decision is the final decision of the Commissioner for purposes of 42 U.S.C. § 405(g).

she owns her own business that, after larger law firms decline to take a case, routes calls from those potential clients to smaller firms that might be interested in taking their case. *Id.* at 27. The business also provided other services, including marketing, focus groups, mock trials, and research. *Id.* at 62. She testified that she hired someone to assist her in the business in 2018, but that this employee was retained only for a few months. *Id.* at 32-33. Otherwise, her husband handled business tasks. *Id.* at 33. The business, in her telling, was largely able to run on its own. *Id.* at 62.

The ALJ, however, concluded that plaintiff had engaged in substantial gainful activity. She relied on the following in her decision: (1) between 2016 and 2018, plaintiff denied having anyone else manage the business; (2) between 2018 and 2021, plaintiff's tax forms indicated that she "materially participated" in running the business and claimed deductions for transportation and a home office; (3) plaintiff received substantial income from the business during the relevant period; (4) record testimony regarding the hiring of an employee to assist plaintiff in running the business was inconsistent; and (5) record testimony regarding plaintiff's husband providing free labor were also inconsistent. *Id.* at 7-8.

Plaintiff argues that the ALJ's decision on this issue was erroneous because she did not contribute more than half of the time necessary for management of the business. ECF No. 9 at 13. She claims that, beginning in 2016, her husband, Gordon Tateyama, took an increased role in the business. *Id.* Then, in 2018 and 2019, an independent contractor, Denise Magnuson, took over some responsibility with assistance from Tateyama. *Id.* at 13-14. Plaintiff also contends that the tax forms on which the ALJ relied in her decision reflect the involvement of these other actors in running the business. *Id.* at 14.

Substantial gainful activity is defined as "work activity that 'involves doing significant physical or mental activities' on a full or part-time basis, and is the 'kind of work usually done for pay or profit, whether or not a profit is realized.'" 20 C.F.R. §§ 404.1572(a), (b). A self-employed individual is considered to have engaged in substantial gainful activity if she has rendered "services that are significant to the operation of the business and received a substantial income from the business." SSR 83-34, 1983 WL 31256; 20 C.F.R. § 404.1575(a)(2)(i). "If your duties

require use of your experience, skills, supervision and responsibilities, or contribute substantially to the operation of a business, this tends to show that you have the ability to work at the substantial gainful activity level." 20 C.F.R. § 404.1573(a). "[T]here is a presumption of substantial gainful employment if the applicant earns over the amount specified in the guidelines." *Keyes v. Sullivan*, 894 F.2d 1053, 1056 (9th Cir. 1990). For the relevant period, 2016 through 2021, the guidelines provide that countable earnings exceeding between $1,130 and $1,310 indicate substantial gainful activity.[3] *See* Program Operations Manual System ("POMS") DI 10501.015, Table 2. However, "the mere existence of earnings over the statutory minimum is not dispositive," and a "claimant may rebut a presumption based on earnings with evidence of his inability to be self-employed or to perform the job well, without special assistance, or for only brief periods of time." *Id.* If a claimant has engaged in substantial gainful activity ("SGA"), she cannot qualify for benefits, no matter her medical condition. *See* 20 C.F.R. §§ 404.1520(a)(4)(i), (b).

It is not this court's role to weigh the evidence *de novo*. Instead, the question is whether the ALJ's interpretation of the record is supported by "substantial evidence." *See Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) ("On judicial review, an ALJ's factual findings . . . shall be conclusive if supported by substantial evidence.") (internal quotation marks omitted). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Supreme Court has described the threshold for substantial evidence as "more than a mere scintilla" but "not high." *Biestek*, 587 U.S. at 103.

Here, the ALJ's findings regarding substantial gainful activity were supported by substantial evidence. Tax records for 2016 indicated that no one else had management responsibilities for the business and that no one had contributed any free services, labor, or items to the business. AR 650-51. Records submitted for 2018 reaffirm the same. *Id.* at 701-02. As the Commissioner notes, plaintiff claimed transportation and home office tax deductions during the

---

[3] Specifically, the minimum earnings for the relevant period were as follows: $1,130 for 2016; $1,170 for 2017; $1,180 for 2018; $1,220 for 2019; $1,260 for 2020; and $1,320 and 2021. *See* POMS DI 10501.015, Table 2.

relevant time. *Id.* at 317, 394, 532, 586, & 614. She also checked box forms indicating that she "materially participated" in the operation of the business in each of those years. *Id.* Moreover, there was conflicting evidence as to when an employee was hired to assist her. Plaintiff testified that she hired the employee, Denise Magnuson, in 2018 and she only lasted a period of months. *Id.* at 32-33. In separate testimony, given in 2020, plaintiff testified that she still had an employee working for her and indicated that this employee had worked since her diagnosis in 2016. *Id.* at 68. Similarly, plaintiff's testimony that her husband assisted her is inconsistent with her tax forms indicating that she had not received any free services or labor. Those inconsistencies were for the ALJ to weigh, and her conclusion that the evidence showed that plaintiff performed significant services that resulted in substantial income was reasonable. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (determining whether inconsistencies in the evidence are material is a matter for the ALJ to decide). Accordingly, I find that the ALJ's step-one finding is supported by substantial evidence and the Commissioner is entitled to summary judgment on this claim.

## II.     The ALJ's Step-Two Determination

Plaintiff also challenges the ALJ's step-two determination that she did not suffer from an impairment or combination of impairments that limited her ability to perform basic work-related activities during 2022 and 2023, when her earnings did not rise to the level of substantial gainful activity. ECF No. 9 at 16-18. In reaching this determination, the ALJ found that plaintiff's subjective testimony was inconsistent with the medical record. AR 10.

"The step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). At this step, the ALJ determines which of the claimant's alleged impairments are "severe"; a "severe" impairment is one that "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-3p).

1    That record shows that plaintiff's cancer did not return after she underwent treatment in
2    2016 and 2017. *Id.* at 1146, 1362-63, 1623, 1824-25, 1831-33. Her treatments were minimal.
3    *See*, *e.g.*, AR 1822 (prescribing over the counter medications, hydration, and rest after visit in
4    October 2023), 1827-28 (noting no complaints at a visit in February 2022 and prescribing no
5    treatment beyond a follow-up appointment within a year). The ALJ noted as much in her decision,
6    *id.* at 11, and the inconsistency with plaintiff's alleged symptoms and her conservative treatment is
7    a valid basis on which to discount her subjective testimony. *See Smartt v. Kijakazi*, 53 F.4th 489,
8    498 (9th Cir. 2022) (holding that evidence of conservative treatment is sufficient to discount
9    testimony about the severity of an impairment). Additionally, the ALJ properly considered
10   plaintiff's continued work activity, earning $14,310 in 2022, as evidence of her limited
11   impairment. AR 433; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("If a claimant is able to
12   spend a substantial part of his day engaged in pursuits involving the performance of physical
13   functions that are transferable to a work setting, a specific finding as to this fact may be sufficient
14   to discredit an allegation of disabling excess pain.").
15   　　For her part, plaintiff largely references her own subjective testimony, which the ALJ
16   properly discounted. ECF 9 at 18. She also notes, however, that a state agency physician, Dr.
17   Pong, found that she met the criteria for a disability listing in 2017. *Id.* The ALJ properly
18   discounted Dr. Pong's opinion because it was issued in April 2017, well before the period at issue
19   and inconsistent with the more recent medical records described above. AR 11. The ALJ's
20   discounting of plaintiff's subjective testimony and finding of no impairment were reasonable. *See*
21   *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2018) ("Where evidence is susceptible to more
22   than one rational interpretation, it is the ALJ's conclusion that must be upheld."). Accordingly,
23   plaintiff has failed to show that the ALJ erred in finding that she did not have a severe impairment.
24   　　Accordingly, it is hereby ORDERED that:
25   　　1. Plaintiff's motion for summary judgment, ECF No. 9, is DENIED.
26   　　2. The Commissioner's cross-motion for summary judgment, ECF No. 14, is GRANTED.
27   　　3. The Clerk of Court is directed to enter judgment in the Commissioner's favor and close
28   this matter.

IT IS SO ORDERED.

Dated:    September 24, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE